Stephen M. Latimer, Esq., 7317
Loughlin & Latimer
131 Main Street Suite 235
Hackensack, N.J. 07601
201/487-9797
Attorney for plaintiff

_____

David Jules,

    Plaintiff

    v.

Borough of Asbury Park; Borough of Asbury Park Police Department; Frederick J. Schriefer, Chief of Police; Sergeant David DeSane; Officer Brian Townsend and John Does 1-5,

    Defendants.

_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No.

**COMPLAINT AND JURY DEMAND**

David Jules, residing at 1827 Bangs Avenue, Apt 3A, Neptune, New Jersey for his complaint alleges:

**JURISDICTION**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution when he was arrested without probable cause on April 11, 2005. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3).

2. Venue is proper in this court as the claims arose in Monmouth County, New Jersey.

**PARTIES**

1

3. David Jules is an African American male.

4. The Borough of Asbury Park, (Asbury Park) is a municipality incorporated under the laws of the State of New Jersey.

5. The Borough of Asbury Park Police Department (Police Department) is a department of Asbury Park. The Police Department is responsible for the enforcement of the municipal ordinances of Asbury Park and of the laws of the State of New Jersey.

6. Ernest Schriefer is the Chief of Police of the Police Department. He is responsible for, among other things, the supervision and the training of police officers employed by Asbury Park.

7. David DeSane and Brian Townsend are police officers who were employed by the Police Department at the time of plaintiff's arrest.

8. Schriefer, DeSane and Townsend are sued in their individual capacities.

**FACTS**

9. Plaintiff was employed by Tactical Security Operation (TCO) at the relevant times.

10. TCO was a private security company that provided security to various sites in Monmouth County.

11. On April 8, 2005 plaintiff was patrolling a construction site when, at about 10:10 p.m. he was approached by Douglas Eschner. Eschner told plaintiff that he should not be driving down that street with his yellow isolating light on and that he had reported plaintiff to the police for so doing.

12. Later that evening plaintiff had a discussion with Townsend. Townsend told plaintiff that Eschner complained that he was being harassed by plaintiff.

3

13. In the early morning hours of April 11, 2005 plaintiff was patrolling construction sites in Asbury Park as required by his job duties. At about 2:22 a.m. plaintiff was stopped in his vehicle by DeSane and Townsend and told to get out of his vehicle. Plaintiff exited his vehicle as ordered and offered no resistance.

14. Plaintiff was arrested and charged with possession of a controlled dangerous substance (CDS) in violation of N.J.S.A 2C:35-10A(1). He was held in police custody for more than two hours and was released without bail.

15. On information and belief, DeSane and Townsend falsified evidence in order to arrest plaintiff.

16. During the arrest plaintiff's vehicle was searched. His personal property including binoculars, a video monitor and surveillance camera used in the performance of his job were all destroyed.

17. The charges were administratively dismissed on motion of the prosecutor on or about June 11, 2005.

18. The arrest of plaintiff caused him severe mental and emotional distress.

19. The arrest of plaintiff has stigmatized plaintiff professionally and has jeopardized his career choices.

## FIRST CLAIM
## (FALSE ARREST)

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 19.

21. There was no probable cause to arrest plaintiff.

22. At the time of plaintiff's arrest the DeSane and Townsend knew that plaintiff was not in

4

possession of any CDS.

23. A reasonable police officer making a reasonable investigation knew or should have known that there was no probable cause to arrest plaintiff.

24. The arrest of plaintiff without probable cause violated his Fourth and Fourteenth Amendment right to be free of unreasonable seizures.

## SECOND CLAIM
## (MALICIOUS PROSECUTION)

25. Plaintiff incorporates by reference the allegations of paragraphs one through 19.

26. There was no probable cause to arrest plaintiff.

27. At the time of plaintiff's arrest the DeSane and Townsend knew that plaintiff was not in possession of any CDS.

28. A reasonable police officer making a reasonable investigation knew or should have known that there was no probable cause to arrest plaintiff.

29. The prosecution terminated favorably to plaintiff when the charges were administratively dismissed on June 11, 2005.

30. On information and belief, DeSane and Townsend acted with retaliatory motive because of the incident with Eschner on April 8, 2005.

31. The prosecution of plaintiff in retaliation for his encounter with Eschner violated his rights under the First and Fourteenth Amendments to the United States Constitution.

32. The prosecution of plaintiff as alleged violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM
### (FAILURE TO TRAIN AND SUPERVISE)

33. Plaintiff incorporates by reference the allegations of paragraphs one through 32.

34. On information and belief Asbury Park and the Police Department have a municipal custom or policy of inadequately training police officers.

35. Asbury Park, the Police Department and Schriefer failed to train and supervise police officers employed by them in proper procedures for investigating incidents and making arrests.

36. The failure to adequately train and supervise DeSane and Townsend deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays that this court enter judgment awarding plaintiff

1. Compensatory damages against defendants;

2. Punitive damages against defendants; and

3. The costs of the action including a reasonable attorneys fee.

## JURY DEMAND

Plaintiff demands trial by jury of all claims so triable.

Dated: April 2, 2007

/s/ Stephen M. Latimer
Stephen M. Latimer, Esq., 7317
Loughlin & Latimer
131 Main Street Suite 235
Hackensack, N.J. 07601
201/487-9797
Attorney for plaintiff

6

**VERIFICATION AND CERTIFICATION PURSUANT TO L. Civ. R. 11.2**

I hereby certify that, to the best of my knowledge, information and belief formed after a reasonable inquiry, this action is not being presented for any improper purpose; the claims defenses and other legal contentions are warranted by existing law; and the allegations and factual contentions have evidentiary support.

/s/ Stephen M. Latimer
Stephen M. Latimer

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

/s/ Stephen M. Latimer
Stephen M. Latimer